■ TOWN OF SCARSDALE, Appellant, v COUNTY OF WESTCHESTER et al., Respondents, and AMY PAULIN et al., Intervenors-Appellants. [595 NYS2d 811] —In an action for a judgment declaring Local Laws, 1991, No. 8 of the County of Westchester unconstitutional, the plaintiff Town of Scarsdale and the intervenors, residents of the Town of Scarsdale, appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered March 27, 1992, which is in favor of the defendants and against them.

Ordered that the judgment is reversed, on the law, without

costs or disbursements, and it is declared that Local Laws, 1991, No. 8 of the County of Westchester is unconstitutional.

The trial court correctly ruled that the Town of Scarsdale lacks standing to challenge the County's reapportionment plan on the ground that it divided Town of Scarsdale between two voting districts (see, Mirrione v Anderson, 717 F2d 743, cert denied 465 US 1036; see also, Society of Plastics Indus. v County of Suffolk, 77 NY2d 761). However, the intervenors could properly bring this action in their capacity as individuals. In any event, due to the fact that the local law in question has been found to be unconstitutional for reasons stated in a companion case to this appeal, we need not reach the parties' present contentions (see, Chonigman v County of Westchester, 192 AD2d 499 [decided herewith]). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.